■ MURRAY v STATE LIQUOR AUTHORITY.—On a prior motion for reargument respondent State Liquor Authority contended, for the first time, that the declaration issued by the Supreme Court, Bronx County, should be limited to off-premises licensees, and that plaintiff is an on-premises licensee. Notwithstanding respondent's failure to raise the issue on the direct appeal, we were troubled by whether plaintiff had any standing in the first instance to challenge the rule in question on the ground it impermissibly attempts to regulate off-premises licensees, since she apparently falls into that class of licensees which may be regulated by the State Liquor Authority with respect to gambling. *(see,* Alcoholic Beverage Control Law § 106 [6]).

Consequently, in assessing the motion for reargument the court requested the parties to brief the issue of standing. If plaintiff does not have standing our decision may have to be recast. We also direct the parties to brief the issue of whether, assuming standing, the rule's application may be constitutionally limited so as to meet the objection that the rule constitutes a usurpation of legislative power. Concur—Murphy, P. J., Kupferman, Sullivan, Milonas and Smith, JJ.